## GARDNER SIGN CO. v. CLAUDE NEON LIGHTS, Inc., et al.

District Court, W. D. Pennsylvania. December 10, 1929.

No. 2389.

Reed, Smith, Shaw & McClay and Byrnes, Stebbins, Parmelee & Blenko, all of Pittsburgh, Pa. (John G. Frazer, Arthur B. Van Buskirk, and Walter J. Blenko, all of Pittsburgh, Pa., of counsel), for plaintiff.

Brown & Critchlow and Joseph Stadtfeld, all of Pittsburgh, Pa., and Bohleber & Ledbetter, of New York City, for defendants.

SCHOONMAKER, District Judge. The plaintiff has filed an ancillary bill of complaint in this case, asking the court to enjoin the defendant from representing to the public, either in writing, or in public prints, or orally, that it has a monopoly on the Neon tube business, that the patent covers practically all Neon signs, and that the defendant be required to send out retraction letters to persons to whom letters have heretofore been sent by them; asking for a preliminary injunction pending the final relief; and asking, further, that the preliminary injunction granted in case at Equity No. 2260, at the suit of Claude Neon Lights, Inc., v. Gardner Sign Company, be dissolved.

On filing the ancillary bill of complaint, a temporary restraining order was issued, and the case then came on to be heard on the motion of the Gardner Sign Company for a preliminary injunction. The Claude Neon Lights, Inc., et al., the plaintiffs in the original suit at No. 2260 in Equity, obtained a preliminary injunction covering claim 1 of the patent for a luminescent tube, provided with an electrode having an area of 1.5 decimeters per ampere.

After receiving this preliminary injunction order, the defendants, through their attorneys, in Pittsburgh, or in New York, sent out circular letters to customers of the Gardner Sign Company, and caused to be published in the public press of Pittsburgh the full-page advertisement, all as set out in the ancillary bill of complaint. In addition to that, Fred D. Pryde, a salesman employed by the Alpha Neon Lights, Inc., called upon one W. Levinson, a customer of the Gardner Sign Company, calling attention to the injunction in this court against the Gardner Sign Company, asking him to cancel his contract with the Gardner Sign Company, and offering to him credit for the amount paid to the Gardner Sign Company on the purchase of a new sign from the Alpha-Claude Neon Corporation.

Under these circumstances, we conclude that the plaintiff in this ancillary suit is entitled to preliminary injunction as prayed for. In granting a preliminary injunction in the original suit, we only intended to restrain, until final hearing on the original suit, what was apparently an infringement of the plaintiff's patent, as decided by the courts of other districts and circuits. However, we undertook to give no final or conclusive judgment on the subject of infringement. In fact, it appeared from the affidavits of the Gardner Sign Company that it had discontinued use of the alleged infringing structures several months prior to the hearing on the preliminary injunction. But we nevertheless issued the preliminary injunction on the theory that no harm would come to the defendant, unless it should actually continue the use of the alleged infringing structures. This preliminary injunction decree gave the plaintiff no right to harass the customers of the Gardner Sign Company, nor to claim a decisive result in its original patent suit.

As we view it, the proper place to try a patent suit is in the courts, not in the newspapers nor in circular letters. We undertook only to protect the rights of the plaintiff in its patent pending a determination on the issues involved in the original patent suit. We will not dissolve this preliminary injunction, for we shall endeavor to preserve the status quo pending the termination of the controversy on the merits between the two parties in the original suit. With that in view we will issue the preliminary injunction prayed for in this ancillary bill, restraining the defendants from sending out any further letters or circulars as set out in the ancillary bill, and place upon them the burden of sending a copy of this preliminary injunction order to all persons to whom they sent the original circulars, and publishing a copy of this decree in the newspapers that contained their previous advertisements.

An order for a preliminary injunction in accordance with this opinion may be submitted.